[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Raymond S. Looney, appeals pursuant to General Statutes 4-183 the decision of the defendant Commissioner of Motor Vehicles (Commissioner) to suspend the plaintiff's driver's license pursuant to General Statutes14-227b.
On March 13, 1991, the plaintiff was arrested for operating a motor vehicle under the influence of intoxicating liquor. The arresting officer, acting on behalf of the Commissioner, revoked and took possession of the plaintiff's alleged refusal to submit to a chemical test to measure his blood alcohol level.
The administrative hearing pursuant to General Statutes14-227b was held on April 3, 1991. The plaintiff appeared and was represented by counsel. By decision dated April 5, 1991, the hearing officer, acting in behalf of the Commissioner, set forth his findings of fact and conclusions of law, and upheld the suspension of the plaintiff's license for six months. The basis of the suspension was section 14-227b, which provides that the Commissioner shall suspend for six months the license of anyone who has been arrested for driving under the influence and who refuses to submit to a chemical test.
Section 14-227b(f) provides, in relevant part, as follows:
 The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person . . . for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis . . . and (4) was such CT Page 539 person operating the motor vehicle.
If, after the hearing, the hearing officer finds on any one of these issues in the negative, the Commissioner must reinstate the license or operating privilege. In this case, the hearing officer found all of the issues in the affirmative.
The court finds that the Commissioner's decision adversely affected a specific personal and legal interest of the plaintiff, his right to operate a motor vehicle, and concludes, therefore, that he is aggrieved by that decision within the meaning of section 4-183 (a) of the General Statutes.
The plaintiff appeals on the following grounds:
 1. There was insufficient evidence at the administrative hearing that the police complied with the preliminary procedural steps required by subsection (c) of section 14-227b.
 2. There was insufficient evidence on which the hearing officer could base a finding of probable cause for the arrest.
3. The "per se" statute is unconstitutional.
The plaintiff's arguments with respect to the subsection (c) procedural steps, such as mailing the police report and license to the motor vehicle department, are without merit. The hearing on the administrative suspension of an individual's license is confined to the issues set forth in subsection (f). Failure to adhere to the subsection (c) requirements is not a basis for reversing the Commissioner's decision. Volck v. Muzio, 204 Conn. 507 (1987).
The plaintiff advances no reason or authority for his claim that the "per se" statute is unconstitutional. That claim may not be sustained. Ecker v. West Hartford, 205 Conn. 219,237 (1987); State v. Hanusiak, 4 Conn. Cir. Ct. 34, 40 (1966).
The plaintiff's argument with respect to the finding probable cause centers on the circumstances under which the police first stopped the plaintiff for investigation. The evidence at the hearing consisted of the testimony of the police officer who made the stop and his written report. Based on these sources, the hearing officer could reasonably have found that the police observed the plaintiff in a vehicle parked in a large lot behind a bar, with the motor running, at 12:40 a.m., while the bar was still open. When the CT Page 540 plaintiff noticed the police officer by looking around through the rear window, he took something out of his mouth and quickly faced forward as though he were concealing something. The police officer became suspicious that the plaintiff might have been trying to hide a marijuana cigarette, That observation took about fifteen seconds. Based on his suspicion, he decided to investigate and approached the vehicle. While speaking to the plaintiff, the officer smelled alcohol on his breath and noticed slurred speech and bloodshot eyes. The plaintiff thereafter failed the usual roadside sobriety tests and was placed under arrest.
The plaintiff does not seriously dispute that evidence developed by the police after they approached his vehicle was sufficient to establish probable cause. Instead, the plaintiff focuses on the facts which led the police to conduct the preliminary investigation. This court has held that an unlawful investigatory stop of a motor vehicle by the police is a basis for reversing the Commissioner's administrative suspension of the operator's license, because it negates the findings of probable cause and lawful arrest which the Commissioner must make under section 14-227b(f). Field v. Goldberg, CV 91 702004 (Superior Court, Hartford-New Britain J.D. at Hartford, December 19, 1991, Maloney, J.). Accordingly, it is necessary in this case to determine whether the police officer was legally justified in approaching and conversing with the plaintiff for investigative purposes as he sat in his vehicle.
Although the police officer did not halt a moving motor vehicle in this case, the court nevertheless considers the officer's approaching and engaging the plaintiff in conversation to be a "stop" of the plaintiff. Clearly, neither the officer nor the plaintiff could reasonably have considered the plaintiff free to ignore the officer's approach and drive away. Such a stop is a seizure under both the federal and Connecticut constitutions. State v. Scully, 195 Conn. 668
(1985). A police officer need not have probable cause, however, to stop a motor vehicle. State v. Lamme, 216 Conn. 172,184, 185 (1990). Relying on Terry v. Ohio, 392 U.S. 1,20-28, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and subsequent United States Supreme Court cases, the Connecticut Supreme Court in Lamme, supra, 184, held that a brief investigatory detention is proper, even in the absence of probable cause, if the police have a "reasonable and articulable suspicion that a person has committed or is about the commit a crime." What constitutes a reasonable and articulable suspicion depends on the totality of the circumstances. State v. Anderson,24 Conn. App. 438, 441 (1991). "Based upon the whole picture the detaining officers must have a particularized and CT Page 541 objective basis for suspecting the particular person stopped of criminal activity." Scully, supra, 674, citing U.S. v. Cortez, 449 U.S. 411 (1981). In State v. Mitchell,204 Conn. 187, 196 (1987), the court held that the constitutional test of the legality of an investigative stop "balances the nature of the intrusion upon personal security against the importance of the governmental interest inducing the intrusion," citing U.S. v. Hensley, 469 U.S. 221 (1985).
In the present case, the "whole picture" that the police had consisted of the officer's observation of the plaintiff sitting in a parked car, with the engine running, behind a bar late at night. On seeing the officer, the plaintiff quickly took something out of his mouth and made other sudden movements which indicated to the officer that he was trying to conceal something. The officer suspected that this may have been a marijuana cigarette. Although these facts fell far short of establishing probable cause to arrest the plaintiff for anything, they did provide a reasonable basis for suspecting the plaintiff of criminal activity. Unquestionably, there is a strong governmental interest in apprehending individuals who possess marijuana. And, in the present case, this governmental interest outweighed the minute intrusion on the plaintiff's personal security. The officer merely walked over to the plaintiff and asked him what he was doing. Such an "investigatory stop" was clearly justified by the totality of the circumstances, including the locale, the time of day, and the plaintiff's movements when he spotted the officer observing him.
As soon as the officer began conversing with the plaintiff, facts emerged which culminated in creating probable cause for his arrest on the drunk driving charge.
For all of the reasons set forth above, the court finds that there was sufficient evidence before the hearing officer to support his affirmative findings on the four issues set out in section 14-227b(f). Accordingly, the plaintiff's appeal is dismissed.
JOHN P. MALONEY, J.